UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LAMAR WATKINS,
#728559,

     Petitioner,                                                                    Civil Action No. 20-CV-11807

vs.                                                                                                   HON. BERNARD A. FRIEDMAN

MICHELLE FLOYD,

     Respondent.

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Petitioner has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In this filing, he asks that the petition be held in abeyance to allow him an opportunity to exhaust his claims in the state courts.  For the reasons stated below, the Court shall grant this request.

Petitioner pled no-contest in Hillsdale County Circuit Court to delivery of a controlled substance less than fifty grams.  The state appellate courts denied petitioner leave to appeal.  *People v. Watkins*, No. 345128 (Mich. Ct. App. Sept. 25, 2018) (denying the delayed application for leave to appeal "for lack of merit in the grounds presented"); *People v. Watkins*, No. 158722 (Mich. Apr. 2, 2019) (denying leave to appeal "because we are not persuaded that the question presented should be reviewed by this Court").  The instant petition raises two claims:  (1) the trial court sentenced petitioner based on a charge that had been dismissed as part of the plea agreement, in violation of petitioner's Sixth Amendment right to a jury trial, and (2) trial and appellate counsel were ineffective.  Petitioner admits that neither claim has been exhausted in the

state courts, in part because of the alleged ineffective assistance of appellate counsel.  He requests

that the petition be held in abeyance so that he can return to the state courts and exhaust these

claims.[1]

State prisoners must exhaust available state remedies for each of the claims

presented in a habeas petition before seeking a federal writ of habeas corpus.  *See* 28 U.S.C. §

2254(b)(1).  A prisoner who has not yet exhausted his state court remedies may file a "'protective'

petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings

until state remedies are exhausted."  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (alteration

added) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)).  A federal court may stay a federal

habeas petition and hold further proceedings in abeyance pending resolution of state court post-

conviction proceedings, provided there is good cause for the failure to exhaust claims, the

unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner

engaged in intentionally dilatory litigation tactics."  *Rhines*, 544 U.S. at 278.

The Court finds that a stay is warranted in the present case.  First, dismissal of this

case while petitioner pursues state remedies could result in a subsequent petition being barred by

the one-year statute of limitations found in 28 U.S.C. § 2244(d) because, at the time he filed the

petition, less than seven weeks of the limitations period remained, and the limitations period has

now expired.  Second, petitioner's claim that his appellate counsel was ineffective for failing to

raise the unexhausted claims on direct review satisfies the good cause requirement.  Third, the

state court's disposition of the claims may affect whether petitioner eventually adds them to the

---

[1] Petitioner asks "that this Cause be held in abeyance allowing Defendant the opportunity to raise Ineffective assistance of trial and appellate counsel of record as a matter of law" [docket entry 1, PageID.13].  However, the Court shall give petitioner an opportunity to exhaust both of his claims.

petition.  Fourth, there is no evidence of intentional delay.  Under these circumstances, the Court concludes that it is appropriate to stay this case while petitioner pursues state remedies for his unexhausted claims.

When staying a habeas petition, the Court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278 (internal citation omitted).  To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes the following time limits within which petitioner must proceed.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  The stay is conditioned on petitioner presenting the unexhausted claims to the state courts within sixty days of the date of this order by filing a motion for relief from judgment with the state trial court.  *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure for staying habeas proceeding pending exhaustion of state court remedies).  If the motion is denied, he must file timely appeals in the Michigan Court of Appeals and Michigan Supreme Court.  *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (stating that proper exhaustion "require[s] that the applicant present the issue both to the state court of appeals and the state supreme court" (internal citation omitted)).  The stay is further conditioned on petitioner returning to this Court, by the filing of a motion to reopen and amend the petition, using the same caption and case number as this order, within sixty days of fully exhausting his state court remedies.  Should petitioner fail to comply with any of these conditions, the petition may be dismissed.  *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).  Accordingly,

IT IS ORDERED that the instant matter is stayed and the application for a writ of habeas corpus is held in abeyance pending petitioner's state post-conviction review proceedings.

IT IS FURTHER ORDERED that the stay is conditioned on petitioner (1) presenting the unexhausted claims to the state courts within sixty days of the date of this order by filing a motion for relief from judgment with the state trial court, as well as timely appeals in the court of appeals and supreme court, if applicable, and (2) filing a motion to reopen and amend the petition in this Court, using the same caption and case number as this order, within sixty days of fully exhausting his state court remedies.[2]  His failure to comply with any one of these conditions may result in dismissal of the petition.

IT IS FURTHER ORDERED that the Clerk of Court close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.  Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case.

Dated: July 17, 2020
    Detroit, Michigan

**s/Bernard A. Friedman**
BERNARD A. FRIEDMAN
SENIOR U.S. DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on July 17, 2020.

**Brian Lamar Watkins,** #728559
Cooper Street Correctional Facility
3100 Cooper Street
Jackson, MI 49201

s/Johnetta M. Curry-Williams
Case Manager

---

[2] The Court notes that the instant petition is deficient because petitioner has failed to pay the $5 filing fee or apply to proceed in forma pauperis. *See Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001).  In lieu of issuing a deficiency order, the Court will hold the current petition in abeyance.  Petitioner will be required to cure this deficiency when he returns to this Court after exhausting his claims.

4